FILED

2:54 pm, 6/5/13

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALL B EXCAVATING COMPANY, | ) | Case No. 10-20799 |
| | ) | Chapter 11 |
| Debtor | ) | |

## OPINION ON OBJECTION TO WELLS FARGO'S CLAIM

On May 14, 2013, this matter came before the court for an evidentiary hearing on

the above-captioned matter. The parties stipulated to the receipt of the exhibits.[1]  At the

conclusion of the hearing, the court took the matter under advisement. Having reviewed

the record and arguments of the parties, the court is prepared to rule.

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1557

and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(B).

All B Excavating Company ("All B") filed for chapter 11 bankruptcy protection

on July 6, 2010. Its Fifth Amended Chapter 11 Plan ("Plan") was confirmed on April 2,

2012. During the pendency of the case, the parties entered into an adequate protection

agreement that provided that All B would pay Wells Fargo $4,800.00 per month

beginning in August 2010. All payments were to be applied to the principle amount of

the debt owed. Wells Fargo initially objected to the Plan that was confirmed, but

withdrew that objection on January 24, 2013.

---

[1] The exhibits included: (A) Check copies for adequate protection payments; (B) Adequate Protection
Agreement; (C) Order Approving Adequate Protection Agreement; (D) Debtor's Confirmed Amended Plan; and (E)
Order Confirming Debtor's Amended Plan.

The Plan provides for payments to Wells Fargo as stated below:

> "Class Twelve-Wells Fargo. Wells Fargo has a loan secured by a CEC Track Screen. The balance is approximately $254,000 less adequate protection payments received by the creditor. The value of the collateral is $195,000. Wells Fargo will be paid $3,800 per month for 60 months on its secured claim with interest of 7% with the final payment being the remaining balance. If its claim is allowed, the claimant will also be paid as an unsecured creditor (for the claim amount less the collateral value) under class 16. This creditor is impaired."

Class 16 provides for the payment of unsecured creditors resulted in a "10-15% dividend to creditors - depending on the final claim amount."

**Discussion**

A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.[2] Such a claim is deemed allowed unless a party in interest objects.[3] The objecting party has the burden of going forward with evidence supporting the objection. Such evidence must be of a probative force equal to that of the allegations contained in the proof of claim. However, an objection raising only legal issues is sufficient. Once the objecting party has reached this threshold, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.[4]

The parties do not contest the validity of the claim. The conflict is determining the amount of the claim. This is a matter of interpreting the language of the confirmed Plan.

---

[2] Fed. R. Bankr. P. 3001(f).

[3] 11 U.S.C. § 502(a).

[4] *In re Geneva Steel Co.* 260 B.R. 517 (10th Cir. BAP 2001) *In re Harrison, 987 F.2d 677* (10th Cir. 1993).

In reviewing the plain language of the confirmed Plan, the court finds:

(1)     Wells Fargo's claim balance is $254,000.00 *less the adequate protection*

*payments received by the creditor.*[5]  The court's calculation reflects that

Wells Fargo received the amount of $96,000.00 in adequate protection

payments.[6]  Subtracting the adequate protection payments from the claim

amount, the court calculates that Wells Fargo's claim balance at the time

the Plan was confirmed was approximately $158,000.00.

(2)     The undisputed value of the collateral is $195,00.00.

(3)     Under the Plan, Wells Fargo is provided monthly payments in the amount

of $3,800.00 per month with interest of 7% on its claim balance of

$158,000.00.

(4)     The plan proposes that Wells Fargo would be paid as an unsecured creditor

for the "claim amount less the collateral value." It appears to the court that

the entire amount of Wells Fargo's claim of $158,000.00 is secured. Wells

Fargo would not receive a distribution as an unsecured creditor on this

claim.

Wells Fargo argues that it should receive the payments as designated in the Plan

language, i.e., "Wells Fargo will be paid $3,800 per month for 60 months on its secured

claim with interest of 7% with the final payment being the remaining balance." This

---

[5] Emphasis added.

[6] According to Exhibit A, All B made adequate protection payments of:  one payment in the amount of $9,600.00; and, eighteen payments in the amount of $4,800.00 for a total of $96,000.00.

would provide for a total amount of payments to Wells Fargo of $228,000.00. The court

disagrees. The court's review of the adequate protection payments that were made,

reduces the claim balance. Wells Fargo is not deducting those adequate protection

payments. Wells Fargo does not get a "wind fall" by this very narrow interpretation of

this one sentence, taken out of context within the Plan provision for Class Twelve.

In conclusion, All B's objection to Wells Fargo's claim is sustained. The claim

balance has been reduced by the total amount of adequate protection payments Wells

Fargo received during the pendency of this bankruptcy case to the amount of

approximately $158,000.00 with 7% interest to be paid in monthly payments of

$3,800.00.

This opinion constitutes the Court's findings of fact and conclusions of law. A

separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 5 day of June, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Paul Hunter
    James Belcher